*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1771**

Patti Walsh,
as Trustee for the Heirs and Next of Kin of Dean Patrick Walsh, Deceased,
Appellant,

vs.

Flint Group Incorporated, et al.,
Respondents,
Sun Chemical Corporation f/k/a GPI Corporation, et al.,
Respondents,
J. M. Huber Corporation,
Respondent,
Northern Printing Ink Corporation a/k/a Northern Printing Ink, et al.,
Defendants,
Lubrication Technologies, Inc. f/k/a Rollins Oil Company,
Respondent.

**Filed July 7, 2014
Affirmed
Stauber, Judge**

Hennepin County District Court
File No. 27CV1215823

Robert P. Christensen, Robert P. Christensen, P.A., St. Louis Park, Minnesota; and

James G. Vander Linden, LeVander & Vander Linden, P.A., St. Louis Park, Minnesota; and

Gerald C. Robinson, Gerald C. Robinson Law Firm, P.L.L.C., Edina, Minnesota; and

Wilbur W. Fluegel, Fluegel Law Office, Minneapolis, Minnesota (for plaintiff-appellant)

Laura N. Maupin, Barnes & Thornburg, L.L.P., Minneapolis, Minnesota; and

Levi W. Heath (pro hac vice), Kevin D. Rising (pro hac vice), Los Angeles, California (for respondents Flint Group, et al.)

Delmar R. Ehrich, Bruce Jones, Shane A. Anderson, Faegre Baker Daniels L.L.P., Minneapolis, Minnesota (for respondents Sun Chemical, et al.)

Thomas D. Jensen, William L. Davidson, Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis, Minnesota; and

Gregg R. Brown (pro hac vice), Germer, Beaman & Brown, P.L.L.C., Austin, Texas (for respondent J.M. Huber Corporation)

Gerald H. Bren, Fisher, Bren & Sheridan, L.L.P., Minneapolis, Minnesota (for respondent Lubrication Technologies)

Michael R. Strom, Joseph M. Sayler, Sieben Polk P.A., Hastings, Minnesota (for Amicus Minnesota Association for Justice)

Considered and decided by Larkin, Presiding Judge; Stauber, Judge; and Klaphake, Judge.[*]

# UNPUBLISHED OPINION

**STAUBER**, Judge

On appeal from the order granting respondents' motion for judgment on the pleadings, dismissing as time-barred appellant's wrongful-death claim arising out of the decedent's long-term exposure to benzene, appellant argues that the district court erred by concluding that the claim was required to be asserted within six years of the last external exposure, thereby rejecting appellant's assertion that the claim did not accrue until harm was manifested and causally linked to the exposure. We affirm.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**FACTS**

Dean Patrick Walsh (hereinafter "Mr. Walsh") worked as a full-time union pressman at the Minneapolis Star Tribune from 1966 until he retired in 2004. In 2009, Mr. Walsh was diagnosed with multiple myeloma, and he succumbed to the disease on June 30, 2009. Appellant Patti Walsh, as trustee for the heirs and next-of-kin of Mr. Walsh, subsequently filed this wrongful-death action against respondents Flint Group, Inc., et al., on June 25, 2012, alleging that Mr. Walsh's death was caused by his occupational exposure to carcinogenic ink products supplied to the Star Tribune by respondents.

Respondents moved for judgment on the pleadings under Minn. R. Civ. P. 12.03, arguing that dismissal was appropriate under Minn. Stat. § 573.02 (2012), because appellant did not commence this action until more than six years after Mr. Walsh's last exposure to respondents' products. The district court granted respondents' motion, concluding that appellant's action was time-barred under section 573.02, and thus dismissed appellant's claims with prejudice. This appeal followed.

**D E C I S I O N**

Before trial, a party may move for judgment on the pleadings if the complaint fails to set forth a legally sufficient claim for relief. Minn. R. Civ. P. 12.03. This court must accept the facts alleged in the complaint as true and draw all inferences in favor of the nonmoving party. *Zutz v. Nelson*, 788 N.W.2d 58, 61 (Minn. 2010). On appeal, we review the pleadings de novo. *Id.*

3

Appellant challenges the district court's conclusion that her wrongful death action is time-barred under Minn. Stat. § 573.02, subd. 1. This statute provides that an action for wrongful death "may be commenced within three years after the date of death provided that the action must be commenced within six years after the act or omission." Minn. Stat. § 573.02, subd. 1. The interpretation and construction of a statute of limitations or repose is a question of law that we review de novo. *Lamere v. St. Jude Medical, Inc.*, 827 N.W.2d 782, 787 (Minn. App. 2013).

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2012). This court determines legislative intent primarily from the language of the statute itself. *Brayton v. Pawlenty*, 781 N.W.2d 357, 363 (Minn. 2010) (quotation omitted). If the statute's language is clear, "statutory construction is neither necessary nor permitted and we apply the statute's plain meaning." *Id.* (quotation omitted).

Minnesota caselaw addressing the interpretation of section 573.02 is sparse. But in 1982, the supreme court thoroughly analyzed the statute in *DeCosse v. Armstrong Cork Co.*, 319 N.W.2d 45 (Minn. 1982). In that case, the decedent's personal representative sued asbestos manufacturers alleging the decedent's death was caused by his exposure to asbestos in the workplace. *DeCosse*, 319 N.W.2d at 47. Because the action was commenced outside the limitations period prescribed in section 573.02, subdivision 1, summary judgment was granted in favor of the asbestos manufacturers. *Id.* at 46. On appeal, the supreme court held that (1) Minn. Stat. § 573.02, subd. 1, is subject to tolling where a cause of action is fraudulently concealed and (2) because of the unique

4

character of asbestos-related illnesses, wrongful-death actions brought in connection with those illnesses accrue either upon the manifestation of the fatal disease in a way that is causally linked to asbestos, or upon the date of death, whichever is earlier. *Id.* at 52.

The district court here recognized these two exceptions to the plain-language reading of section 573.02. But the district court found that neither exception was applicable because there was no claim of fraudulent concealment and because the asbestos exception is "narrowly written to be limited to asbestos-related deaths," which "does not apply in this instance." The court then concluded that the plain language of section 573.02, subdivision 1, required appellant's complaint to have been served or filed by 2010 because Mr. Walsh's "last exposure to the chemical allegedly causing his death would have been in 2004 (the 'act or omission')" when he retired. Thus, the district court concluded that because appellant's complaint was filed in 2012, eight years after Mr. Walsh's last exposure to the chemical allegedly causing his death, the complaint was time-barred under section 573.02, subdivision 1.

Appellant argues that the district court erroneously interpreted the phrase "act or omission" contained in Minn. Stat. § 573.02, subd. 1, to mean that appellant's claim accrued at the time of Mr. Walsh's last external exposure to the chemical that was linked to his death. Instead, appellant contends that in cases of insidious chemicals "whose actions are slow enough that it will not cause a manifestation of injury for many decades," "[a]ccrual and manifestation [are] the key." Appellant argues that under section 573.02, subdivision 1, Mr. Walsh's claim accrued, and the statute of limitations began to run, in 2009 when the disease manifested itself and was causally linked to

5

respondents' products. Appellant argues that because she filed suit in 2012, within three years of Mr. Walsh's death, and within six years from the date the cause of action accrued, she satisfied both of the wrongful-death statute's prerequisites for timeliness. Thus, appellant contends that the district court erred by concluding that her claim was time-barred under section 573.02, subdivision 1.

To support her claim, appellant cites *DeCosse*, which appellant claims "is not an 'asbestos exception'; [but] is an 'insidious toxin' rule that recognizes a cause of action must mature to be capable of pursuit." Appellant argues that *DeCosse* is apposite to her case because the supreme court "in addressing how the wrongful death statute operates[,] was obviously speaking more generally[,] not about an 'asbestos exception' to [section 573.02, subdivision 1][,] but about the 'unique character' as it put it, of death by insidious toxins."

We acknowledge that there is some merit to appellant's claim. In light of the focus in *DeCosse* on the "unique character" of asbestos-related diseases, and its nature as a "continuing tort," *DeCosse* arguably did not carve out only an asbestos exception, but instead recognized that claims involving toxic substances that insidiously and gradually cause harm similarly accrue upon the victim's death. Such a reading of *DeCosse* may seem logical because an action for negligence cannot be maintained, nor does a statute of limitations begin to run, until damage has resulted from the alleged negligence. *Dalton v. Dow Chemical Co.*, 280 Minn. 147, 153, 158 N.W.2d 580, 584 (1968). Because damage from exposure to insidious toxins, as with asbestos, often occurs long after the last exposure, a reading of the statute that the "act or omission" is the date of last exposure

6

means that a cause of action could expire before any harm (or death) has resulted from the last exposure to the chemical.

But the supreme court in *DeCosse* recognized that the plain language of the statute "presents the possibility that a wrongful death action could expire before death by limiting the bringing of actions to six years after the act or omission." 319 N.W.2d at 48. In fact, the supreme court further explained that notwithstanding any "injustice or illogic to such an approach, the plain meaning of the statute seems to be clear. By the 1978 amendment the legislature is expressing its intention to bar actions for some deaths caused by wrongful acts or omissions even if they are brought on the day of death." *Id.* And as respondents point out, the legislature "has had decades to respond" to *DeCosse*, but "has declined to remove or alter the general six-year statute of repose for long-term exposure claims or latent defect/injury claims." Moreover, as was recently recognized by this court in *Lamere*, the asbestos-related exception carved out in *DeCosse* is very narrow. *See* 827 N.W.2d at 788 (acknowledging that the *DeCosse* exception is a "narrowly defined exception" applicable only to asbestos-related cases). Although the *DeCosse* opinion references the exposure to asbestos as in the nature of a continuing tort, the opinion focuses on the "unique character of an asbestos-related disease," not the unique character of a continuing tort. *DeCosse*, 319 N.W.2d at 48-49.

Because the exception articulated in *DeCosse* applies narrowly to asbestos-related cases, a decision adopting appellant's position that her claim did not accrue until harm was manifest and causally linked to the exposure would require us to expand the exception established in *DeCosse*. But a decision expanding the exception would conflict

7

with our decision in *Lamere* not to extend the asbestos-related exception to the implantation of medical devices. *See Lamere*, 827 N.W.2d at 788 (stating that the "narrowly defined exception" articulated in *DeCosse* "has not been extended beyond the facts of asbestos-related cases, and we will not extend it now"); *see also Francis v. Hansing*, 449 N.W.2d 479, 482 (Minn. App. 1989) (refusing to extend the *DeCosse* tolling rule and holding that the statute of limitations was not tolled by patient's failure to discover an intra-uterine device that she believed had been removed), *review denied* (Minn. Feb. 21, 1990). In fact, such a decision would also conflict with the well-established rule that "the task of extending existing law falls to the supreme court or to the legislature, but it does not fall to this court." *Tereault v. Palmer*, 413 N.W.2d 283, 286 (Minn. App. 1987), *review denied* (Minn. Dec. 18, 1987). Accordingly, we decline to adopt appellant's argument that her claim did not accrue until the harm was manifest and causally linked to the exposure.

Under the plain language of Minn. Stat. § 573.02, subd. 1, appellant's cause of action must have been "commenced within three years after the date of death provided that the action must be commenced within six years after the act or omission." The "act or omission" causing Mr. Walsh's death was his last exposure to the chemicals that allegedly caused his death. Mr. Walsh's last exposure to these chemicals was 2004, when he retired, eight years before appellant's wrongful-death action was commenced. The district court did not err by concluding that appellant's wrongful-death action was time-barred under section 573.02, subdivision 1.

**Affirmed.**